IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOCINA, | : | |
| Petitioner | : | No. 1:25-cv-01592 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| KATHY BRITTAIN, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Currently before the Court is the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Michael Bocina ("Bocina"), a convicted and sentenced state prisoner, in which he challenges a decision by the Pennsylvania Board of Probation and Parole ("Parole Board") establishing a new maximum parole violation sentence date after revoking his parole. For the reasons set forth below, the Court will dismiss the petition due to Bocina's failure to exhaust state-court remedies.

**I.  BACKGROUND**

From June through October 2016, Bocina pleaded guilty to several criminal offenses in four separate criminal actions filed in the Court of Common Pleas of Carbon County. See Commonwealth v. Bocina, No. CP-13-CR-0000299-2015 (Carbon Cnty. Ct. Com. Pl. filed Mar. 20, 2015) ("Bocina I"); Commonwealth v. Bocina, No. CP-13-CR-0001187-2015 (Carbon Cnty. Ct. Com. Pl. filed Oct. 15, 2015) ("Bocina II"); Commonwealth v. Bocina, No. CP-13-CR-0000599-2016 (Carbon Cnty. Ct. Com. Pl. filed May 6, 2016) ("Bocina III"); Commonwealth v. Bocina, No. CP-13-CR-0001131-2016 filed Aug. 18, 2016) ("Bocina IV").[1]  On June 16, 2016,

---

[1]  The Court takes judicial notice of the dockets in Bocina's underlying criminal cases, as well as his other state-court proceedings referenced in his petition and discussed in this Memorandum, all of which are available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch (last visited Aug. 26, 2025)).  See Orabi v. Att'y Gen.

Bocina was sentenced to: (1) an aggregate period of incarceration for a minimum of six months and three days to a maximum of six years and eleven months, after pleading guilty to driving under the influence, impaired ability – first offense (75 P.S. § 3802(d)(2)) and endangering welfare of children (18 Pa. C.S. § 4304(a)(1)); and (2) a consecutive period of one year of probation after pleading guilty to possession of a controlled substance (35 P.S. § 780-113(a)(16)).  See Bocina III.  Approximately two months later, on August 11, 2016, the trial court sentenced Bocina to an aggregate period of confinement for a minimum of three years and thirty days to a maximum of seven years after he pleaded guilty to possession of a controlled substance with intent to manufacture or deliver (35 P.S. § 780-113(a)(30)) and endangering the welfare of children.[2]  See Bocina II.  The trial court ordered that Bocina's aggregate term of incarceration would run consecutive to his confinement in Bocina III.  See id.  Finally, on September 26, 2016, the trial court sentenced Bocina to an aggregate term of incarceration for a minimum of ten months to a maximum of seven years, with this incarceration to run concurrently with his other terms of confinement.  See Bocina IV.  Bocina did not file any direct appeals from his sentences.  See Bocina I; Bocina II; Bocina III; Bocina IV.

---

of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).  Additionally, although Bocina mentions only two of these four criminal cases in his habeas petition (Doc. No. 1 at 1 (referencing Bocina III and Bocina IV)), the docket sheets for his four criminal cases show that the sentencing courts considered at least one (1) of Bocina's other criminal cases when deciding whether to impose consecutive or concurrent sentences in each of the other cases.  As such, the Court briefly discusses all four cases as part of the background of this matter.

[2]  On the same date, it appears that Bocina was sentenced to one year of probation, which was ordered to run concurrently with the probation portion of his sentence in Bocina III, after he pleaded guilty to false identification to a law enforcement officer (18 Pa. C.S. § 4914(a)).  See Bocina I.

At some point not identified in his petition, Bocina was granted parole. However, on February 28, 2025, the Parole Board revoked Bocina's parole and recommitted him to a state correctional institution as a parole violator. (Doc. No. 1 at 5, 13.) The Parole Board also established Bocina's maximum parole violation date, which he asserts now "exceed[s] his originally imposed maximum sentence by 7 years, 10 months, and 13 days."[3] See (id. at 5).

Following the revocation decision, Bocina filed a petition for administrative review with the Parole Board on March 17, 2025. (Id. at 13.) The Parole Board affirmed its prior decision, after which Bocina filed a petition for review with the Commonwealth Court of Pennsylvania. (Id.); see Bocina v. Pa. Parole Bd., No. 633 CD 2025 (Pa. Commw. Ct. filed May 16, 2025) ("Commw. Dkt."). The petition for review is still pending before the Commonwealth Court. (Doc. No. 1 at 13); Commw. Dkt.

Bocina filed the instant Section 2254 petition on August 7, 2025.[4] (Doc. No. 1.) In this petition, Bocina asserts four arguments in support of habeas relief. First, he contends that the Parole Board violated his rights under the Fifth Amendment to the United States Constitution because it subjected him to double jeopardy insofar as it "cause[d him] to serve time again by discrediting his 'back time' and adding this time to the remaining balance exceeding his originally imposed maximum sentence by 7 years, 10 months, and 13 days." See (id. at 5). Second, he asserts that the Parole Board violated his Eighth Amendment right to be free from

---

[3] Bocina does not specify the parole violation sentence he received.

[4] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, Bocina includes a declaration with his petition in which he states that he provided his petition in the prison mailing system on August 7, 2025. (Doc. No. 1 at 14.) As such, the Court uses August 7, 2025, as the petition's filing date, even though the Clerk of Court did not docket the petition until August 25, 2025.

3

cruel and unusual punishment by directing him to "serve additional time not imposed by the original sentencing court." See (id. at 6). Third, he argues that the Parole Board violated his due process and equal protection rights under the Fourteenth Amendment "by putting him twice in jeopardy making him serve an additional sentence punishing him cruely [sic] and unusually." See (id. at 8). Fourth, and finally, he maintains that the Parole Board lacked subject-matter jurisdiction to recalculate his maximum sentence. (Id. at 9.) For relief, Bocina seeks an order reversing "the Parole Board's decision illegally extending [his] originally imposed maximum sentence." See (id. at 14).

## II.     LEGAL STANDARDS

### A.     Preliminary Review of Section 2254 Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. See R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See id.; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (explaining that following initial review, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court"); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

**B.    Section 2254 Habeas Petitions Challenging State Parole Revocations**

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement and seeking "immediate release or a speedier release from that imprisonment." See Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973); Leamer v. Fauver, 288 F.3d 532, 542–44 (3d Cir. 2002). As such, because state prisoners challenging parole revocations and recalculations of sentences are in custody pursuant to a state-court judgment, their avenue to possible habeas relief is through Section 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (explaining that "Section 2254, in contrast to [28 U.S.C. § 2255], confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law[,]'" and concluding that Section 2254 allows state prisoners' challenges to the execution of their sentences as well as challenges to the validity of their convictions and sentences). To obtain relief, these petitioners must show that they are "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Claimed violations of state law standing alone, will not entitle petitioners to relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Furthermore, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must have exhausted the remedies available to them in the courts of the state. See 28 U.S.C. § 2254(b)(1)(A). "It is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state

courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citation omitted); see also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). A federal court may consider a habeas petition only after the petitioner "'fairly present[s' their] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)). In other words, to fully exhaust their state remedies, a habeas petitioner must invoke "one complete round of the state's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Habeas petitioners are required to exhaust state remedies because exhaustion "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." See Lambert, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted). Therefore, although the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system." See Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted). In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a

complete factual record to aid the federal courts in their review." See Rose, 455 U.S. at 519. The petitioner bears the burden of demonstrating that they have satisfied the exhaustion requirement. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) ("The burden of establishing that [Section 2254 habeas] claims were fairly presented falls upon the petitioner." (citing Lambert, 134 F.3d at 513)).

## III. DISCUSSION

### A. Review of Bocina's Petition

After reviewing Bocina's petition, it plainly appears that he is not entitled to relief at this time because he did not exhaust his state-court remedies prior to filing his petition. Although Bocina repeatedly asserts in his petition that he did not need to first exhaust those remedies because he is challenging "matters of parole," see (Doc. No. 1 at 5, 7, 8, 10), he is mistaken.

Although a Pennsylvania state prisoner filing a habeas petition under Section 2254 is ordinarily required to fully exhaust their state-court remedies prior to filing their petition, the Third Circuit Court of Appeals in DeFoy v. McCollough, concluded that a state prisoner challenging the denial of parole on constitutional grounds, other than asserting an ex post facto claim, is not required to exhaust state-court remedies prior to filing a habeas petition. See 393 F.3d 439, 445 (3d Cir. 2005) ("[W]e conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion.").[5] The Third Circuit's decision in DeFoy, however, is of no aid to Bocina in this case because he is not challenging the Parole

---

[5] In DeFoy, the Third Circuit determined that the Commonwealth Court's decision in Weaver v. Pennsylvania Board of Probation & Parole, 688 A.2d 766, 771–72 (Pa. Commw. Ct. 1997), which "held that mandamus is not available to a prisoner denied parole based upon a constitutional error by the parole board," was "the best indication of how the Pennsylvania Supreme Court would resolve the issues" raised in the case. See id. at 444.

7

Board's denial of parole.⁶ Instead, he is challenging the Parole Board's decision to resentence him as a parole violator to a sentence that allegedly exceeded the maximum sentence imposed by the original sentencing judge. Any habeas challenge to such a decision must be fully exhausted in the state courts prior to filing a Section 2254 petition. See Buxton v. Pennsylvania, 398 F. App'x 704, 707 (3d Cir. 2010) (unpublished) (concluding that district court properly determined that Section 2254 petitioner's "challenge to [his] parole revocation [w]as unexhausted because [the petitioner did] not claim to have appealed" the Parole Board's decision to the Commonwealth Court).

To properly exhaust a claim challenging the Parole Board's revocation of parole, recommitment, and recalculation of the sentence, a Section 2254 habeas petitioner must first file an appeal or a petition for administrative review with the Parole Board. See 37 Pa. Code § 73.1(a) ("An interested party, by counsel unless unrepresented, may appeal a revocation decision."); id. § 73.1(b) ("A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a).").⁷ The filing of an appeal or a petition

---

⁶ Although the Third Circuit has not overruled DeFoy, "some district courts in the Third Circuit have questioned the continuing validity of [that decision]" and, consequently, concluded that Section 2254 habeas petitioners challenging parole denials are obligated to exhaust state-court remedies (through the filing of a petition for a writ of mandamus with the Commonwealth Court) before filing a Section 2254 petition challenging the Parole Board's denial of parole. See Shoop v. Pa. Bd. of Parole, No. 25-cv-00943, 2025 WL 2178422, at *7–8 (M.D. Pa. July 31, 2025) (citing cases and addressing continued applicability of DeFoy in Section 2254 cases challenging denials of state parole).

⁷ It appears that petitions for administrative review under subsection 73.1(b) involve challenges to aspects of the Parole Board's revocation decision that do not include "whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional," as those are the limited grounds upon which to appeal under subsection 73.1(a). See id. § 73.1(a)(2).

8

for administrative review postpones the finality of the Parole Board's revocation decision "for purpose of appeal to a court until the [Parole] Board has mailed its decision on the appeal [or] . . . . response to the petition for administrative review."  See id. §§ 73.1(a)(1), (b)(1).  Once the Parole Board resolves the appeal or petition for administrative review, the petitioner must file a petition for review in the Commonwealth Court.  See 42 Pa. C.S. § 763(a) (establishing Commonwealth's exclusive appellate jurisdiction in certain cases, such as in, inter alia, "[a]ll appeals from . . . any Commonwealth agency having Statewide jurisdiction"); Commonwealth v. Fells, 518 A.2d 544, 544 (Pa. 1986) (explaining that challenges to the Parole Board's revocation of parole "are in the appellate jurisdiction of the Commonwealth Court"); Borsello v. Colleran, 833 A.2d 1213, 1215 (Pa. Commw. Ct. 2003) ("Appeals of the [Parole] Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court.").  If the petitioner is unsuccessful in the Commonwealth Court, they must seek further review in the Pennsylvania Supreme Court before bringing a federal habeas action.  See Williams v. Wynder, 232 F. App'x 177, 180 (3d Cir. 2007) (unpublished) (concluding that Pennsylvania Supreme Court's Administrative Order 218 does not apply to appeals from Commonwealth Court decisions);[8] Jones v. Tritt, No. 16-cv-01741, 2019 WL

---

[8]  Administrative Order 218 provides as follows:

> [W]e hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals.  Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this court will be allowed only when there are special and important reasons therefor.  Pa. R.A.P. 1114.  Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.
>
> In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to

314718, at *2 (M.D. Pa. Jan. 24, 2019) ("If a petitioner . . . fails to seek review from the Pennsylvania Supreme Court of an unfavorable disposition by the Commonwealth Court, then the claim remains unexhausted." (citing Williams, 232 F. App'x at 180)); see also Jackson v. Clark, No. 17-cv-00249, 2018 WL 3040369, at *2 (W.D. Pa. May 16, 2018) (explaining that petitioner claiming that the Parole Board "erred in calculating his parole violation maximum sentence date" had to exhaust state-court remedies before filing Section 2254 petition).

Here, Bocina acknowledges that he has filed a petition for review with the Commonwealth Court, which is currently pending. If he is unsuccessful in the Commonwealth Court, he would be required to seek review from the Pennsylvania Supreme Court to satisfy the exhaustion requirement. Overall, the instant petition is premature. Therefore, the Court will dismiss the petition without prejudice to Bocina refiling it once he has fully exhausted his state-remedies.[9]

### B.    Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. §

---

petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. This Order shall be effective immediately.

See In re: Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, No. 218 Jud. Admin. Docket No. 1 (Pa. May 9, 2000).

[9] If the Pennsylvania Supreme Court were to ultimately deny Bocina's petition for allowance of appeal, he should promptly file a habeas petition due to the one-year habeas limitations period applicable to Section 2254 petitions. See 28 U.S.C. § 2244(d).

2253(c)(1)(A). A judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See id. § 2253(c)(2). This showing requires a habeas petitioner to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement further." See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). In this case, the Court declines to issue a certificate of appealability as jurists of reason would not find it debatable whether the court should dismiss without prejudice this habeas petition because Bocina has not fully exhausted his state court remedies.

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Bocina's Section 2254 habeas petition without prejudice to him refiling it once he fully exhausts his available state court remedies. The Court will not issue a certificate of appealability and will direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania